IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SAMUEL E. HARRIS, )
)
    Plaintiff, )
)
v. ) Civil Action No. 3:16CV158–HEH
)
UNITED STATES OF AMERICA )
DEPARTMENT OF )
VETERANS AFFAIRS, )
)
    Defendant. )

**MEMORANDUM OPINION**
(Denying Rule 60(b) Motion Without Prejudice)

Samuel E. Harris, a Virginia inmate proceeding *pro se* and *in forma pauperis*, brought this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346 & 2671 *et seq.*[1] By Memorandum Order entered on October 5, 2016, the Court directed Harris to show cause, within eleven (11) days of the date of entry thereof,

> why his Complaint should not be dismissed for any of the following reasons: (1) for failure to exhaust administrative remedies pursuant to 28 U.S.C. § 2675(a); (2) as untimely pursuant to 28 U.S.C. § 2401(b); and (3) for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A.

---

[1] That statute provides, in pertinent part:

> [T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

(ECF No. 13, at 4.) The Court warned Harris that failure to respond would result in summary dismissal of the action. (*Id.*) Having received no response from Harris, the Court dismissed this action without prejudice by Memorandum Opinion and Order entered on November 9, 2016. (ECF Nos. 14, 15.)

On December 15, 2016, the Court received a "Motion Objecting to a Ruling or Order" from Harris. (ECF No. 18.) Because Harris filed this motion outside of the twenty-eight day period permitted for motions pursuant to Federal Rule of Civil Procedure 59, this motion is properly construed as a motion under Federal Rule of Civil Procedure 60(b) ("Rule 60(b) Motion").[2] *United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003) (citing *Small v. Hunt*, 98 F.3d 789, 797 (4th Cir. 1996)).[3]

Federal Rule of Civil Procedure 60(b) allows a court to "relieve a party . . . from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). It is an extraordinary remedy requiring a showing of exceptional circumstances. *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (citing *Ackermann v.*

---

[2] Harris indicates that he has brought his motion pursuant to Rule 46 of the Federal Rules of Civil Procedure, which states:

> A formal exception to a ruling or order is unnecessary. When the ruling or order is requested or made, a party need only state the action that it wants the court to take or objects to, along with the grounds for the request or objection. Failing to object does not prejudice a party who had no opportunity to do so when the ruling or order was made.

Fed. R. Civ. P. 46. Rule 46, however, "applies to trials . . . ." *Smith v. United States*, No. 14–0697 (UNA), 2014 WL 11803713, at *1 (D.D.C. Aug. 27, 2014). Because no trial occurred here, Rule 46 does not provide any recourse to Harris. *See id.* (construing motion brought under Rule 46 as a motion brought under Rule 60(b)).

[3] A motion under Rule 59(e) must be filed "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The Court "m[ay] not extend the time" for filing such a motion. Fed. R. Civ. P. 6(b)(2).

2

*United States*, 340 U.S. 193, 202 (1950)). The party seeking relief under Rule 60(b) "must make a threshold showing of timeliness, 'a meritorious claim or defense,' and lack of unfair prejudice to the opposing party . . . ." *Coleman v. Jabe*, 633 F. App'x 119, 120 (4th Cir. 2016) (quoting *Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011)). A party must also demonstrate "exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (quoting *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). After a party satisfies this threshold showing, "he [or she] then must satisfy one of the six specific sections of Rule 60(b)." *Id.* (quoting *Werner*, 731 F.2d at 207).

In his Rule 60(b) Motion, Harris contends that on December 1, 2016, he received a copy of the docket sheet in this matter. (Rule 60(b) Mot. 1.) After reviewing the docket, Harris alleges that he never received the Court's Memorandum Orders entered on June 23, 2016 and October 5, 2016, as well as the Memorandum Opinion and Order dismissing the action entered on November 9, 2016. (*Id.* at 2.) Harris objects to the dismissal of his action based upon his failure to receive his mail from the Court. Harris, however, has failed to make a threshold showing of a meritorious claim under the FTCA, as he must to pursue relief under Rule 60(b). *See Coleman*, 633 F. App'x at 120 (quoting *Aikens*, 652 F.3d 501). Accordingly, Harris's Rule 60(b) Motion (ECF No. 18) will be denied without prejudice. The Clerk will be directed to resend copies of the Court's June 23, 2016 Memorandum Order, October 5, 2016 Memorandum Order, and November 9, 2016 Memorandum Opinion and Order to Plaintiff at his current address.

An appropriate Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Feb. 28, 2017
Richmond, Virginia